J-S06027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CARMELLA KLOTZ-COOPER | : | |
| Appellant | : | No. 1251 EDA 2021 |

Appeal from the PCRA Order Entered July 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003000-2017

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 1, 2022**

Carmella Klotz-Cooper appeals the denial of her Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. She maintains that the court erred in rejecting her claim of ineffective assistance of counsel. We vacate the order and remand for further proceedings.

The court found Klotz-Cooper guilty of four counts of robbery and one count of conspiracy following a stipulated bench trial.[1] Before the stipulated trial began, defense counsel engaged in a colloquy with Klotz-Cooper about her waiver of her right to a jury and proceeding to a stipulated trial. Counsel explained to Klotz-Cooper that, "with no prior record, your guideline range is starting [at] about twenty-two months." N.T., Bench Trial Hearing, 12/5/17

---

[1] 18 Pa.C.S.A. §§ 3701 and 903, respectively.

at 10. Under oath, Klotz-Cooper said that she understood. *Id.* at 5, 10. Counsel then said, "It is no promise. No one has told you what you are going to get. We hope to do better?" Klotz-Cooper replied, "Yes." *Id.* at 10. She further agreed that she did not contest the charges or the facts of the case. *Id.* at 11.

Klotz-Cooper also agreed that she had signed a Stipulated Bench Trial form, she had had sufficient time to review it with counsel, and counsel had answered all her questions. *Id.* at 13-14. *See* Stipulated Bench Trial form, dated 12/5/17. The form contained a sentence stating, "Furthermore, my attorney has thoroughly reviewed with me all offers that have been made to resolve this case." *Id.* at 8. Klotz-Cooper's signature appears below that sentence. Her trial counsel also signed the form. Immediately above his signature is the sentence, "Furthermore, I have discussed with my client any and all guilty plea offers and the consequences of accepting or rejecting the final offer in this case." *Id.*

The court accepted the jury trial waiver and stipulated bench trial form. After the prosecutor recited the stipulated facts and admitted certain documents into evidence, the court found Klotz-Cooper guilty. It later sentenced her in total to nine to 20 years' incarceration. We affirmed the judgment of sentence in January 2019. ***See Commonwealth v. Klotz-Cooper***, No. 874 EDA 2018, 2019 WL 336197 (Pa.Super. filed January 28, 2019) (unpublished memorandum). Klotz-Cooper did not seek review from our Supreme Court.

Klotz-Cooper filed the instant PCRA petition *pro se*, on October 23, 2019. She alleged:

1. My original defense counsel never fully explain[ed] my options regarding sentencing; sentencing guidelines; nor the difference of a jury trial versus bench trial.

2. My original defense counsel misinformed me regarding a plea bargain in which he told me I was offered 22-36 months, however inevitably denying he ever told me that offer.

3. The judge on my case[] was the judge who sentenced my uncle when he molested & raped me at the age of 12. I felt as tho[ugh] he showed negative bias/prejudice towards me sentencing me higher than any of my co-defendants.

4. My defense counsel was obligated to present mitigated circumstances/evidence in my defense, however he never researched anything prior, during or after my proceedings.

5. My due process rights were violated by defense counsel[']s ineffectiveness of counsel.

6. The sentence I received of 9 to 20 [years] violated my 8th amendment right against cruel and unusual punishment.

7. Had defense counsel raised the issues within this PCRA they would have succeeded[.] [H]owever due to his ineffectiveness, they were never raised.

*Pro Se* PCRA Petition, filed 10/21/19, at 4 (issues renumbered). Klotz Cooper also claimed counsel was ineffective for failing to present mitigating factors, request a Recidivism Risk Reduction Incentive (RRRI)[2] sentence, challenge

---

[2] ***See*** 61 Pa.C.S. §§ 4501-4512.

her sentence as an abuse of discretion, and explain the benefits of a jury trial. *Id.* at 8.

The PCRA court appointed counsel who filed a Petition to Supplement Defendant's *Pro Se* PCRA and Request for a Hearing. Counsel's petition restated the same claims Klotz-Cooper set forth in her *pro se* PCRA petition. Counsel's petition also included the following allegation, which we repeat verbatim: "Defense Counsel was ineffective, and therefore her Due Process Rights were violated and she was prejudiced, for not explained to the Defendant options regarding a misinformed offer he relayed twenty-two (22) to thirty-six (36) months Which Counsel subsequently denied." Petition to Supplement Defendant's *Pro Se* PCRA and Request for a Hearing at 2 (unpaginated).

The certified record does not show that the PCRA court ruled on the Petition to Supplement. However, the court appears to have treated it as a supplemental PCRA petition. The PCRA court issued notice of its intent to dismiss the petition without a hearing. Klotz-Cooper did not respond. The court denied the PCRA petition.

Klotz-Cooper then appealed. She filed a Rule 1925(b) statement, as ordered. The court penned an opinion stating that because Klotz-Cooper's Rule 1925(b) statement had failed to specify the ways in which the PCRA

court had allegedly erred, Klotz-Cooper did not preserve any issues.[3] The court asked this Court to remand the case so it could appoint new counsel to file a *nunc pro tunc* Rule 1925(b) statement. PCRA Court 1925(a) Op., filed 12/2/2020 at 5-6. In support, the court cited **Commonwealth v. Parrish**, 224 A.3d 682, 700 (Pa. 2020). There, the Pennsylvania Supreme Court held that the filing in a PCRA appeal of a Rule 1925(b) statement that did not identify the specific error the PCRA court allegedly committed constituted ineffectiveness *per se*. **Id.** at 701-02. The Court determined that the remedy was to remand for the appointment of new counsel to file a new Rule 1925(b) statement *nunc pro tunc*.

In response to the PCRA court's opinion, Klotz-Cooper's counsel withdrew the appeal.[4] Klotz-Cooper wrote a *pro se* letter to the PCRA court

---

[3] The Rule 1925(b) statement listed one issue:

> The Honorable Court committed an error of law and/or abuse of discretion when it held in the July 21, 2020 Order "[A]nd after review of PCRA Petition and the Commonwealth's Answer and Motion to Dismiss, and an independent review of the record, this Court concludes that the Petitioner's PCRA Petition is devoid of merit and that no purpose would be served by any further proceedings . . . . It is hereby ORDERED and DECREED that PCRA relief is DENIED. and the Petitioner's PCRA Petition is hereby DISMISSED, without a hearing."

Concise Statement of Matters Complained of on Appeal, 8/19/2020.

[4] **See Commonwealth v. Klotz-Cooper**, No. 1606 EDA 2020 (filed Jan. 3, 2020).

approximately two and a half months later, in April 2021, noting that the court had not appointed new counsel

The PCRA court treated the letter as a motion for counsel and issued an order in April 2021 appointing counsel. The order directed new counsel to file a *nunc pro tunc* appeal. The court later explained in its Rule 1925(a) opinion that it could not effectuate the remedy of **Parrish** because prior counsel had discontinued the appeal. Therefore, "in the interest of justice," it directed new counsel to file a *nunc pro tunc* appeal. PCRA Ct. Op., filed Aug. 9, 2021, at 2 n. 3.[5]

New counsel did as directed and timely filed an appeal *nunc pro tunc*, and the PCRA court issued a renewed Rule 1925(b) order. Counsel filed a sufficiently specific Rule 1925(b) statement.[6] **See** Pa.R.A.P. 1925(b) Statement, filed 7/9/21.

---

[5] This was a proper exercise of discretion to effect the remedy of **Parrish**. Moreover, even construing Klotz-Cooper's letter as a PCRA petition, we conclude it met the PCRA's time restrictions and the PCRA court had jurisdiction to grant the new appeal.

[6] The statement raises the following:

> The lower court erred in denying defendant/appellant's claim, without a hearing, that trial counsel was ineffective in his representation for failing to properly convey plea offers to defendant, in his rejecting plea offers without defendant's consent, and for failing to properly discuss plea offers with defendant, so as to allow her to make a knowing and intelligent decision whether to accept a negotiated plea offer or reject it, as the record is devoid of any evidence whatsoever that plea

*(Footnote Continued Next Page)*

In her appellate brief, Klotz-Cooper raises one issue:

Did the lower court err in denying [Klotz-Cooper's] claim, without a hearing, that trial counsel was ineffective in his representation for failing to properly convey plea offers to [Klotz-Cooper], in his rejecting plea offers without [Klotz-Cooper's] consent, and for failing to properly discuss plea offers with [Klotz-Cooper], so as to allow her to make a knowing and intelligent decision whether to accept a negotiated plea offer or reject it, as the record is devoid of any evidence whatsoever that plea negotiations and offers were ever discussed between attorney and client.

Klotz-Cooper's Br. at v.

Klotz-Cooper claims that the PCRA court erred by not holding an evidentiary hearing. She contends that trial counsel was ineffective for allegedly rejecting plea offers without her consent, failing to properly convey plea offers to her, and failing to properly discuss offers with her. She maintains that "the record is devoid of any evidence whatsoever to establish what plea offers were made, what options were discussed and whether trial counsel was ineffective in his advice and recommendations." *Id.* at 12.

*(Footnote Continued)* ————————————————

negotiations and offers were ever discussed between attorney and client.

(This claim was awkwardly drafted in the pro se PCRA petition, and subsequent filings of prior counsel, to state that "Defense counsel was ineffective, and therefore her Due Process Rights were violated and she was prejudiced, for not explained (sic) to the Defendant options regarding a misinformed offer he relayed twenty-two (22) to thirty-six (36) months [w]hich [c]ounsel subsequently denied.")

Concise Statement of Matters Complained of on Appeal, 7/9/2021, at 1.

Klotz-Cooper expresses in her appellate brief her displeasure with PCRA counsel's performance. She faults him for not presenting her claims before the PCRA court in a way that would garner an evidentiary hearing. She states that "PCRA counsel did nothing more than simply copy the claims listed in [Klotz-Cooper's] unartfully drafted *pro se* motion." Klotz-Cooper's Br. at 11. She also remarks that counsel's amended petition repeating her claim that counsel conveyed an offer of 22-36 months "makes no sense whatsoever, and it is not surprising that the trial court dismissed the claim." *Id.* at 11, 12.

When reviewing an order denying PCRA relief, we determine whether it is supported by the record and free of legal error. **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation omitted). We review the denial of a request for an evidentiary hearing for an abuse of discretion. **Commonwealth v. Reid**, 99 A.3d 470, 485 (Pa. 2014).

In **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), the Pennsylvania Supreme Court overruled prior precedents and held that a PCRA petitioner may raise PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. Although Klotz-Cooper's appellate brief criticizes PCRA counsel's performance, it does not discuss the elements of an ineffectiveness claim as applied to PCRA counsel's performance. We nonetheless find the assertion of PCRA counsel's ineffectiveness to be sufficient to warrant consideration. In a twist of fate, the Supreme Court

decided **Bradley** on the very same day that defense counsel filed the appellate brief in this case.

On this record, with this unique history, we will vacate the PCRA court's order and remand. Counsel's petition to supplement the PCRA petition reiterated the *pro se* claims without material alteration or any apparent effort to improve or "supplement" the petition. The PCRA court treated the petition to supplement as the supplemental PCRA petition itself. This procedure resulted in the court holding the petition to supplement to the PCRA pleading standard and dismissing the "supplemental" petition. PCRA counsel never brought this irregularity to the PCRA court's attention. Klotz-Cooper made her claims against PCRA counsel at the first opportunity, once she had new counsel. We vacate the order denying the PCRA petition and remand for the PCRA court to allow present counsel an opportunity to file an amended PCRA petition and for the court to address any claims properly raised in the amended petition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2022